101 Pa. 311; Weare v. Gove, 44 N. H. 196; Bond v. Aitkin, 6 W. & S. 165; Cady v. Shepherd, 11 Pick. 400; Alcorn's Ex'r v. Cook, 101 Pa. 209; McConn v. Lady, 10 W. N. 493; White v. Skinner, 13 Johns. N. Y. 307.

PER CURIAM, at bar, January 5, 1893: Judgment affirmed.

---

## Harris, Appellant, *v.* Schuylkill River East Side Railroad.

*Practice, S. C.—Exceptions—Railroads—Land damages.*

On an appeal from a judgment in condemnation proceedings, plaintiff's only assignment of error was " the action of the learned judge at the trial, after the jury had been sworn, in calling before him one of the counsel for appellant and the counsel of said company respondent and saying to them : ' I will not allow a verdict in this case for more than $4,000 to stand.' " Nothing was printed in appellant's paper book except the names of the parties, the history of the case, the assignment of error, and argument. In appellee's paper book it was stated that no bill of exceptions had been sealed in the case, and that the language of the trial judge had been misstated. *Held*, that the judgment should be affirmed.

Argued Jan. 23, 1893. Appeal, No. 126, Jan. T., 1892, by plaintiff, Amanda G. Harris, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1885, No. 773, on verdict for plaintiff. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM, MITCHELL and DEAN, JJ.

Appeal from report of viewers assessing damages for occupation of land by defendant, a railroad company.

Appellant's paper book contained merely the names of the parties and nature of proceedings, history of the case, a single assignment of error, and the argument. Under the heading of " The Names of the Parties and Nature of Proceedings " appeared the following statement: " The proceedings were upon petition of the railroad company to condemn land belonging to her [plaintiff] and from the award of the jury of view; she appealed. A verdict was entered, by agreement of counsel engaged, for $4,192.50, the court [FELL, J.] having said to counsel that a verdict for more than $4,000 would not be allowed to stand."

Verdict and judgment for plaintiff for $4,192.50.   Plaintiff appealed.

*Error assigned* was " the action of the learned judge at the trial, after the jury had been sworn, in calling before him one of the counsel for appellant and the counsel of said company respondent, and saying to them : ' I will not allow a verdict in this case for more than $4,000 to stand.' "

*Henry G. Harris*, for appellant.—A verdict directed by the court determining the amount of damages is not a compliance with the court.

*Thad. L. Vanderslice*, for appellee.—No bill of exceptions was sealed in this case.   The alleged remark of the trial judge is not a matter of record, and there is no evidence here that such remark was made.   As a matter of fact he used no such language, but merely intimated to counsel, not in the hearing of the jury, his own view of the merits of the case.

PER CURIAM, at bar, January 23, 1893 : Judgment affirmed.

---

## Jacobs *v.* Ellis, Appellant.

*Appeals—Justice of the peace.*

No appeal lies to the Supreme Court from the judgment of the court of common pleas on a certiorari to a justice of the peace.

Argued Feb. 1, 1893.   Appeal, No. 120, July T., 1892, by defendant, Joseph R. Ellis, from judgment of C. P. Montgomery Co., Oct. T., 1891, No. 14, setting aside proceedings before a justice of the peace brought by Ellis against W. H. Jacobs. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Certiorari to justice of the peace.

The court, SWARTZ, P. J., set aside the proceedings before the justice on the ground that the record disclosed no proper service upon the defendant, plaintiff in the certiorari.